# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| KENNETH L. RHODE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 4:18-CV-20-JEM |
| | ) | |
| ANDREW SAUL, Commissioner of the | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Kenneth L. Rhode on March 29, 2018, and Plaintiff's Opening Brief [DE 19], filed September 24, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On November 6, 2018, the Commissioner filed a response, and on November 26, 2018, Plaintiff filed a reply.

**I.     Background**

On June 18, 2014, Plaintiff filed an application for benefits alleging that he became disabled on January 15, 2013. Plaintiff's application was denied initially and upon reconsideration. On August 3, 2016, Administrative Law Judge ("ALJ") William Spalo held a video hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On August 29, 2016, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant met the insured status of the Social Security Act through December 31, 2018.

2. The claimant has not engaged in substantial gainful activity since October 26, 2013, the day after the previous final determination.

3. The claimant has severe impairments: left vision loss secondary to an optic arterial stroke, diabetes mellitus, and hypertension.

4. The claimant does not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant had the residual functional capacity ("RFC") to perform light work, except: no climbing ladders, ropes, or scaffolds. No crawling with only occasional climbing ramps or stairs; occasional balancing, stooping, crouching, and kneeling. Claimant must avoid all exposure to all hazards. Claimant has no visual acuity, but retains the ability to tolerate occasional depth perception, but he cannot drive as a condition of employment.

6. The claimant is capable of performing past relevant work as a private investigator. This work does not require the performance of work-related activities precluded by the claimant's ("RFC").

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 26, 2013, through the date of the decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence

consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful

review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ inadequately weighed the opinion of the consultative examiner. Dr. Buchanan examined Plaintiff and opined that he had work-related limitations, including that he "will probably not be able to perform manipulation of objects or possibly even writing, due to his severe visual impairment," as well as experiencing other limitations in standing and walking. AR 537. The ALJ gave the opinion "very little weight," finding it inconsistent with the records from Plaintiff's primary care clinicians, although he also discounted all limitations expressed within the treatment notes from Plaintiff's treating physicians. The ALJ also addressed a medical source statement from a treating clinician, but "[t]his opinion was not afforded great weight," and mentioned the opinions of Agency medical consultants, but did not explain how much weight he gave to them, only stating that the description "not[ing] no work that required 'astute vision'" was "too vague." AR 28.

Although ALJs "are not bound by findings made by State agency or other program physicians and psychologists, [] they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996) (rescinded and replaced by SSR 17-2P, effective Mar. 27, 2017). In this case, the ALJ did not explain the weight given to the agency consultants' opinions, discounted the opinion of the

4

examining physician, and did not identify any records to which he gave more than little weight. Although medical evidence "may be discounted if it is internally inconsistent or inconsistent with other evidence," *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)) (other citations omitted), the ALJ "must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner*, 627 F.3d at 618. The ALJ did not identify *any* medical opinion to which he gave more than little weight, leaving the Court completely unable to determine the medical opinion evidence on which the ALJ based his determination of Plaintiff's work-related ability or determine how the ALJ reached his decision regarding Plaintiff's RFC.

The Court is particularly concerned with the evidence in the record suggesting that Plaintiff has difficulties with manipulation of objects and with writing. Plaintiff testified that he was unable to accurately complete part-time work because of writing errors, and, as described above, the examining physician opined that Plaintiff would be limited in his ability to manipulate objects or write. The ALJ did not include any manipulative limitations in the RFC, and despite finding that Plaintiff is "limit[ed] to only occasional visual work," only included a limitation in the RFC of "no left visual acuity but retains the ability to tolerate occasional depth perception." Not only is the Court unable to trace this reasoning, but it raises concerns that the ALJ engaged in impermissible cherry-picking of the record. *See, e.g., Kaminski v. Berryhill*, 894 F.3d 870, 874-75 (7th Cir. 2018); *Gerstner v. Berryhill*, 879 F.3d 257, 261-63 (7th Cir. 2018). In addition, it appears that the ALJ also substituted his own medical judgment for that of the state agency physicians whose opinions he was specifically directed to address, in violation of the Seventh Circuit Court of Appeals' repeated warning that ALJs are not to make their own independent medical findings and should not "succumb to the temptation to play doctor" because "lay intuitions about medical phenomena are often wrong."

*Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (citing cases); *see also, e.g., Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996). In particular, the ALJ discounted Plaintiff's reported difficulties with balance and need for assistance because of visual limitations, concluding that Plaintiff "retains the ability to tolerate occasional depth perception" despite medical evidence that Plaintiff suffered difficulties with depth perception. Likewise, Plaintiff's treating physician stated that Plaintiff "is unable to drive," AR 590, and Plaintiff testifies that he cannot and does not drive, but the ALJ found that Plaintiff's limitations "do not preclude driving" because he has not given up his driver's license and he "is still able to drive under the State laws with appropriate corrective lenses, mirrors, and lighting." Although the ALJ did include a driving limitation in the RFC, he completely disregarded the treating specialist's opinion of Plaintiff's limitations based, apparently, only on his own medical conclusions, despite other medical evidence of extreme visual limitations in the record. *See, e.g., Kaminski*, 894 F.3d at 874 ("[A] judge should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record.") (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner*, 879 F.3d at 261).

The ALJ's inclination to substitute his own medical judgment for that of the medical professionals in the record compels remand. The ALJ is reminded of his responsibility to create a logical bridge between the evidence and his conclusions to allow for meaningful review. *O'Connor-Spinner*, 627 F.3d at 618. In addition, the ALJ is directed to thoroughly address the medical evidence in the record, including properly weighing the reports of examining physicians in accordance with

the regulations, and to obtain additional information as needed. *See, e.g., Barnett*, 381 F.3d at 669 ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable.") (citing 20 C.F.R. § 404.1527(c)(3); SSR 96-2p, 1996 WL 374188 at *4 (July 2, 1996); 20 C.F.R. §§ 404.1512(d)(1), 416.919(b)).

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 19] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 19th day of August, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record